Randolph-Rand v. Shafmaster, et al.   CV-97-044-M   04/08/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Randolph-Rand Corporation of
New York and AMSCO, Inc.,
      Plaintiffs

      v.                                        Civil No. 97-44-M

Shafmaster Co., Inc.,
Leather Loft Stores, Inc.,
and Import Holding Corp.,
      Defendants


**O R D E R**


      Randolph-Rand Corporation of New York ("RRC") filed this
civil action in January of 1997, seeking injunctive relief and
monetary damages against defendants for their alleged
infringement of United States Patent No. 4,453,294 ("the '294
patent"), which describes a magnetic lock mechanism most commonly
used to secure the closure flap on handbags.  By order dated
September 23, 1998, the court ruled that when RRC filed suit, it
lacked standing to enforce the '294 patent.  Accordingly, the
court granted defendants' motion for summary judgment with regard
to count one of RRC's complaint.


      At a subsequent status conference, the court granted RRC
leave to amend its complaint and join any and all parties
necessary to enforce the '294 patent against defendants' alleged
acts of infringement.  On November 8, 1998, RRC and Amsco, Inc.
filed an amended complaint asserting, among other things, that
together they hold all necessary rights to enforce the '294

patent against defendants. In response, defendants have moved for summary judgment with regard to count one of the amended complaint, saying that as of the date on which the amended complaint was filed, Amsco no longer retained sufficient interest in the '294 patent to bring an infringement action. And, with regard to RRC, defendants assert that since the court already ruled that RRC lacks standing to enforce the patent, that issue need not be revisited. Implicit in defendants' assertion is the notion that the court's earlier ruling -- that, as of January, 1997, RRC lacked standing to enforce the '294 patent -- precluded RRC from later acquiring sufficient interests in the patent to support standing. The court disagrees.

## Background

The pertinent facts underlying the parties' dispute and, perhaps more importantly, the chain of title relating to the '294 patent, were discussed in detail in the court's order of September, 1998, and need not be repeated. That chain of title is characterized by several agreements to exploit the patent, assignments, and licenses, all of which appear to have combined to create considerable confusion on plaintiffs' part as to who actually held title to the patent, and when, as well as who has had standing to enforce it. That confusion appears to have been resolved at last, however, and it seems (at least based upon the record currently before the court) that RRC is now a proper plaintiff, with standing to enforce the '294 patent.

2

## Discussion

Although plaintiffs failed to produce this document in response to defendants' earlier motion for summary judgment, they have now submitted a copy of an "assignment," executed by Amsco on May 5, 1997 (i.e., _after_ RRC filed its original complaint, but _before_ it filed the amended complaint). That document evidences Amsco's "sale, assignment, and transfer" to RRC of:

> all its rights, title and interests to the ['294 patent] and any claims, demands, past and continuing damages, remedies, actions and/or cause of actions based, in whole or in part on past or continuing infringement by any third party of [the '294 patent] and the right to sue in its own name or the name of Amsco and/or Mr. Morita.

Exhibit 1 to plaintiffs' memorandum (document no. 66). Therefore, as of May 5, 1997, RRC appears to have acquired, among other things, the exclusive right to manufacture, use, exploit, sell, and enforce the '294 patent. Accordingly, as of that date it also acquired the right to enforce the '294 patent in its own name.[1]

---

[1] It does not appear that Mr. Morita is a necessary party to this litigation. Rather, the record suggests that as of January, 1994 (and certainly by February, 1997), Amsco had acquired the right to use, exploit, manufacture, enforce, and sell the '294 patent, thereby vesting it with sufficient interest in the patent to bring an enforcement action in its own name. Accordingly, it follows that RRC acquired sufficient interest in the patent to bring an infringement action in its name when, by virtue of the May, 1997 assignment, it acquired all of Amsco's rights in the '294 patent.

The thrust of defendants' motion for partial summary judgment appears to be that RRC did not have standing to bring this suit when it was originally filed (January of 1997) and, therefore, that deficiency cannot be cured by simply filing an amended complaint. Rather, defendants claim that the only means by which RRC might now enforce the '294 patent is to file a new and distinct patent infringement action. Defendants' proposal would, however, simply inject needless additional confusion and wasteful pleading practice (for example, if RRC filed a new action it would, no doubt, immediately move to consolidate it with the remaining counts in this action, a request the court would likely grant).

As of November, 1998, when the amended complaint was filed, RRC had standing to enforce the '294 patent in its own name. Accordingly, defendants' motion for partial summary judgment as to RRC's count one claims is denied.[2] Amsco, however, appears to have divested itself of any interest in the '294 patent. See Assignment date May 5, 1997. It necessarily follows that Amsco retains no interest in the '294 patent which it might seek to

_____

[2] This case does not involve a situation such as that presented in Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090 (Fed. Cir. 1998), in which the plaintiff seeking to enforce a patent acquired standing to do so only after having filed its patent enforcement action. Rather, after RRC acquired sufficient interest in the '294 patent to bring an enforcement action in its own name, it filed (with the assent of defendants and the approval of the court) an amended complaint. Thus, when it filed the amended complaint, RRC had standing to enforce the '294 patent. See Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1210-11 (Fed. Cir. 1998).

vindicate through this litigation and, therefore, lacks any standing to enforce the '294 patent.

## Conclusion

This case presents an atypical situation: the party which seemingly has standing to enforce the '294 patent today (i.e., RRC), lacked that capacity when it filed suit. And, the party which seemingly had standing to enforce the patent when suit was originally filed (i.e., Amsco), lacked standing as of the date the amended complaint was filed. Nevertheless, deficiencies in the original complaint have been resolved by the filing of the amended complaint. RRC now appears to have adequate interest in the '294 patent to bring an infringement action in its own name.

For the foregoing reasons, the court concludes that as of the date on which the amended complaint was filed, RRC had acquired sufficient interest in the '294 patent to bring a patent infringement action in its own name. Accordingly, defendants' motion for partial summary judgment as to RRC's count one claims (document no. 62) is denied. That motion is, however, granted as it relates to Amsco.

**SO ORDERED.**

                                 _____
                                 Steven J. McAuliffe
                                 United States District Judge

April 8, 1997

cc: Michael J. Bujold, Esq.
    Jeffery A. Schwab, Esq.
    James E. Higgins, Esq.
    Norman H. Zivin, Esq.